**Ron Kent HOOPER and Purvis Ole Scroggs, Plaintiffs,**

**v.**

**Honorable William H. GOODING, Judge of the Superior Court of the State of Arizona, and the State of Arizona, by Robert Corbin, County Attorney of Maricopa County, Arizona, Defendants.**

**No. Civ–6597 Phx.**

United States District Court
D. Arizona.

March 19, 1968.

Lewis, Roca, Beauchamp & Linton, Phoenix, Ariz., for Ron Kent Hooper.

Henry J. Florence, Phoenix, Ariz., for Purvis Ole Scroggs.

Norval Jesperson, Asst. Atty. Gen., Phoenix, Ariz., for State of Arizona.

Robert K. Corbin, County Atty., Harold D. Martin, Deputy County Atty., Phoenix, Ariz., for defendants.

## FINDINGS OF FACT CONCLUSIONS OF LAW AND ORDER

CRAIG, District Judge.

The above entitled cause came on for hearing before this Court February 26, 1968, upon plaintiffs' complaint for a temporary restraining order and for injunction. There were present counsel for plaintiffs and counsel for defendants. Memorandum in support of plaintiffs' position was submitted February 26, 1968.

Both counsel concurred that, if the presiding judge at the preliminary hearing before the Honorable William H. Gooding, Judge of the Superior Court of the State of Arizona, had the inherent power to exclude the public in cause No. Cr. 54087, State of Arizona v. Ron Kent Hooper and Purvis Ole Scroggs, then pending, the cause referred to was an appropriate cause for the Court to exercise its discretion in favor of a closed hearing.

Counsel for plaintiffs urged that the presiding judge at the preliminary hearing retained the inherent power to exercise his discretion, for good cause, in favor of a closed hearing, regardless of the amendment to Rule 27 of the Rules of Criminal Procedure, 17 A.R.S. promulgated by the Supreme Court of the State of Arizona.

Counsel for defendants urged that, regardless of whether there was good cause, the presiding judge at the preliminary hearing had no inherent power to exercise his discretion because of the amendment to Rule 27 promulgated by the Supreme Court of the State of Arizona January 29, 1968, effective February 1, 1968, and must, therefore, require that all preliminary hearings must be open to the public.

At the conclusion of the hearing, and on February 26, 1968, this Court entered a temporary restraining order against the Honorable William H. Gooding, Judge of the Superior Court of the State of Arizona, and Robert Corbin, County Attorney of Maricopa County, Arizona, directing said defendants to abstain from any further open preliminary hearing in cause No. Cr. 54087, State of Arizona v. Ron Kent Hooper and Purvis Ole Scroggs, until Monday, March 4, 1968, or until further order of the Court.

Thereafter, by stipulation entered into between counsel for plaintiffs and counsel for defendants dated February 29, 1968, the hearing set for Monday, March 4, 1968, to determine whether a preliminary injunction should issue was continued to Friday, March 8, 1968, and it was so ordered March 1, 1968.

On March 7, 1968, counsel for plaintiffs filed a supplemental memorandum. On March 8, 1968, defendants filed their answer with supporting memorandum. The matter was presented and argued to the Court on March 8, 1968. At the conclusion of the hearing, based upon evidence presented, the arguments of counsel and the memoranda submitted, this Court concluded it had jurisdiction

of the matter pursuant to Title 28 U.S.C. § 1343 and Title 42 U.S.C. § 1983, and the Court ordered that a preliminary injunction issue against the defendants with respect to any preliminary hearing open to the public in the matter of State of Arizona v. Ron Kent Hooper and Purvis Ole Scroggs until such time as the Supreme Court of the State of Arizona might have an opportunity to clarify interpretation of Rule 27 of the Rules of Criminal Procedure as amended January 29, 1968, effective February 1, 1968. At that time the Court further instructed Mr. Martin, appearing on behalf of the defendants, or Mr. Corbin, County Attorney of Maricopa County, to institute appropriate proceedings in order that the Supreme Court of Arizona might have the opportunity to make an utterance clarifying the interpretation of Rule 27. At the same time the Court advised counsel for plaintiffs and counsel for defendants, should they care to have a formal order, they might collaborate for the purpose of presenting a proposed order not inconsistent with what the Court stated orally from the bench.

Thereafter, on March 15, 1968, counsel for plaintiffs submitted a proposed formal order advising counsel for defendants that the matter had been requested to be heard March 18, 1968.

On March 18, 1968, it appeared that counsel for defendants and counsel for plaintiffs could not agree as to the material contained in the proposed formal order. On March 19, 1968, counsel for plaintiffs submitted an amended proposed findings of fact, conclusions of law and judgment, and counsel for defendants submitted objections thereto.

In view of the foregoing recitation of the status of this cause, this Court makes the following findings, conclusions and order in conformity with its oral ruling of March 8, 1968.

### FINDINGS OF FACT

1. At the time this action was instituted in this Court a preliminary hearing was pending in the Superior Court of the State of Arizona in and for the County of Maricopa entitled No. Cr. 54087, State of Arizona v. Ron Kent Hooper and Purvis Ole Scroggs.

2. Counsel for the defendants in the State Court proceeding moved to the presiding judge at the preliminary hearing to exclude the public from the hearing, stating to the Court the grounds for their motion.

3. The grounds for the motion presented by counsel for the defendants Hooper and Scroggs are set forth in the record of this Court as Exhibit A, attached to plaintiffs' complaint.

4. In response to counsel's motion in the State cause, the County Attorney stated that he could not, in good faith, disagree with the statement presented to the Court by counsel for defendants, except for one point, to-wit: that the amendment to Rule 27 of the Arizona Rules of Criminal Procedure constituted a mandate from the Supreme Court of Arizona to the lower courts that all preliminary hearings must be open and that the lower Court had no inherent power to exercise its discretion, for good cause, to close a preliminary hearing (Tr. State Court Proceeding, pp. 8–9).

5. The presiding Judge in the State Court proceeding found:

(a) that in the cause before it there had been substantial pretrial publicity prior to the time of the preliminary hearing;

(b) that evidence would be produced at the preliminary hearing which very well might not be admissible at the time of trial, if there was a trial;

(c) that one of the defendants in the cause before it was a professional man; that the other was a businessman; that any publicity in connection with the matters then before the Court would be detrimental to their professional and business reputations, and affect their livelihoods;

(d) that the amendment to Rule 27 of the Arizona Rules of Criminal Procedure constituted a mandate from the Supreme Court of Arizona that the Superior Court of Arizona, or a Magistrate

could not in its discretion exclude all persons from a preliminary hearing.

6. Subsequent to the decision of the Superior Court of the State of Arizona in and for the County of Maricopa hereinabove referred to, counsel for the defendants made application to the Court of Appeals of Arizona for a writ of mandamus, directing the Superior Court to close the preliminary hearing to the public.

7. The record discloses that the Court of Appeals of Arizona did not accept the application for the writ, and suggested to counsel that the application be presented to the Supreme Court of the State of Arizona.

8. Upon presentation of the application to the Supreme Court of Arizona, that Court denied the application without comment.

9. Counsel for the defendants in the State action then instituted these proceedings before this Court.

10. Based upon the findings of the presiding judge in the State Court proceeding, and the record in this Court, this Court further finds that there has been substantial pretrial publicity prior to the preliminary hearing in the State Court.

11. This Court further finds that there will be a likelihood of the presentation of evidence at the preliminary hearing in the State Court which may very well not be admissible at the time of trial, if there is a trial; that if publicity is distributed generally with respect to the evidence submitted at the preliminary hearing in the State Court the defendants in the State Court proceeding might well suffer irreparable injury; that in the event of general publicity of the matters presented at the preliminary hearing in the State Court proceeding there might well be a likelihood that a fair and impartial jury might not be obtainable in a trial in Maricopa County or adjacent counties.

12. Plaintiffs in this cause have exhausted their state remedies.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction pursuant to Title 28 U.S.C. § 1343 and Title 42 U.S.C. § 1983.

2. Under the circumstances of this case the jurisdiction of this Court is not suspended or restrained by Title 28 U.S.C. § 2283, nor by any other statute.

3. The Sixth and Fourteenth Amendments to the Constitution of the United States guarantee to a defendant a trial by a fair and impartial jury, free from outside influence. Extensive pretrial publicity concerning matters presented at the preliminary stage of the proceedings likely to impair the selection of a fair and impartial jury denies the rights of defendants guaranteed by the Sixth and Fourteenth Amendments.

4. A presiding Judge at a preliminary hearing, under the law of Arizona, has the inherent power to exercise his discretion, for good cause, to close such a hearing called for the purpose of determining probable cause, particularly where evidence will be presented at the preliminary hearing which will not be admissible at trial, and where the publicity thereof will make it likely that a fair and impartial jury may not be able to be selected. Failure to exercise such discretion under appropriate circumstances might well constitute a violation of a defendant's right to privacy, a violation of the Ninth Amendment to the Constitution of the United States, and a violation of the Fourteenth Amendment to the Constitution of the United States.

Wherefore it is ordered that a preliminary injunction issue against the defendants, restraining them from continuing any further open preliminary hearing in the matter now pending in the Superior Court of Arizona in and for the County of Maricopa entitled No. Cr. 54087, State of Arizona v. Ron Kent Hooper and Purvis Ole Scroggs, pending clarification of the interpretation of Rule 27 of the Rules of Criminal Pro-

cedure for the State of Arizona, as amended by the Supreme Court of the State of Arizona.

In implementation of the foregoing order, Mr. Corbin, County Attorney for Maricopa County, Arizona, and Mr. Martin, Deputy County Attorney for Maricopa County, Arizona, or either of them, are requested to institute appropriate proceedings in order that the Supreme Court of Arizona might have an opportunity to issue an utterance with respect to its interpretation of the Rule 27 as amended.